# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ENERCON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:18-cv-00258-GZS |
| | ) |
| FLEXTRONICS INTERNATIONAL USA INC, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION TO TRANSFER VENUE

Before the Court is Defendant's Motion to Transfer Venue (ECF No. 11), which seeks to transfer this case to the Southern District of New York for referral to that District's Bankruptcy Division. For the reasons explained herein, the Court DENIES the Motion.

### I.   LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court may "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought."[1] This statute "is intended to place discretion in the district

---

[1] Defendant moved to transfer this action under both 28 U.S.C. § 1404(a) and § 1412. Section 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Courts are divided on the question of whether § 1412 governs the transfer of cases "related to" bankruptcy proceedings in addition to those that are filed "under title 11." New England Wood Pellet, LLC v. New England Pellet, LLC, 419 B.R. 133, 148 (D.N.H. 2009); see City of Liberal, Kan. v. Trailmobile Corp., 316 B.R. 358, 361-362 (D. Kan. 2004) (listing cases). Although the First Circuit does not appear to have addressed this issue directly, it has held, in the context of 28 U.S.C. §1334, that "'[C]ases under title 11' refers only to the bankruptcy petition itself." Gupta v. Quincy Med. Ctr., 858 F.3d 657, 661 (1st Cir. 2017) (alteration in original); see In re Middlesex Power Equip. & Marine, Inc., 292 F.3d 61, 66 (1st Cir. 2002) ("[a] case under title 11 is the bankruptcy petition itself, such as a Chapter 11 reorganization"). Assuming the First Circuit would apply this definition to the nearly identical "case or proceeding under title 11" language of § 1412, the instant breach of contract action falls outside § 1412's purview. Indeed, Flextronics essentially concedes as much since its jurisdiction argument ignores the "cases under" language of §1334(a), and instead relies on the "arising in" and "related to" language of § 1334(b). 28 U.S.C. §§ 1334(a), (b). With all of that in mind, and given that the "the analysis is essentially the same under [either § 1404(a) or § 1412]" the Court's analysis proceeds under this Circuit's § 1404(a) precedent. New England Wood Pellet, LLC, 419 B.R. at 148 (internal citations and quotations omitted).

court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). In the exercise of that discretion, courts in the First Circuit consider not only "the convenience of parties and witnesses," but also "the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) (citing Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987)); see Ahmed v. Mohammad, No. 08-257-P-H, 2008 WL 4457866, at *3 (D. Me. Oct. 1, 2008) (discussing other factors relevant to the interest of justice). No single factor is determinative in the transfer analysis. Ashmore v. Northeast Petroleum Div. of Cargill, Inc., 925 F. Supp. 36, 38 (D. Me. 1996).

"The burden of proof rests with the party seeking transfer" and "there is a strong presumption in favor of the plaintiff's choice of forum." Coady, 223 F.3d at 11. "The evidence presented by Defendant must weigh heavily in favor of transfer before this Court will disturb" that choice, "especially" where, as here, "this forum is Plaintiff's home forum." Demont & Assocs. v. Berry, 77 F. Supp. 2d 171, 173 (D. Me. 1999); see Mercier v. Sheraton Intern., Inc., 981 F.2d 1345, 1354 (1st Cir. 1992) (noting that "the trial court must favor the plaintiff's choice of forum: 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'") (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947)).

## II. FACTUAL BACKGROUND

Plaintiff Enercon Technologies ("Enercon") is an electronic manufacturing services provider with its principle place of business in Gray, Maine. Defendant Flextronics International USA, Inc. ("Flextronics") is a corporation with its principle place of business in San Jose, California. On October 23, 2014, Enercon entered into a Supply Agreement ("Agreement") with a company called PVT Solar ("PVT"). Under that Agreement, PVT could place orders with

Enercon to manufacture and deliver products based on PVT's specifications. Once PVT placed an order, it retained the ability under the Agreement to cancel, modify, or defer that order, subject to certain conditions. For example, if PVT decided to cancel an order it would be required to "[p]ay for all Work In Process and Raw Material inventory." (Ex. 1 to Pl.'s Opp. to Def.'s Mot. (ECF No. 17-1), PageID # 799.) Likewise, if it deferred an order past specified deadlines, it would incur carrying costs for any inventory purchased to fulfill that order. (See id.)

On April 21, 2016, PVT filed for Chapter 11 bankruptcy protection in the Southern District of New York. (Ex. G to Def.'s Mot. (ECF No. 11-7), PageID # 755.) Prior to PVT's filing, PVT allegedly owed Enercon $438,634.30 for "fulfilled orders and delivered product," as well as $2.2 million for inventory purchased in response to eleven other orders. (Compl. (ECF No. 1-1), PageID # 6-7.) During the bankruptcy proceedings, Enercon filed a Proof of Claim for "$438,634.30" and PVT chose to assume the Supply Agreement and assign it to Flextronics. (Ex. B to Def.'s Mot. (ECF No. 11-2), PageID # 61.) As part of the assumption and assignment process, PVT entered into an Asset Purchase Agreement ("APA") with Flextronics and filed a Sale Motion asking the Bankruptcy Court to approve the APA. The Sale Motion proposed to pay Enercon $266,944 to cure existing defaults (the "cure amount"). (Ex. C. to Def.'s Mot. (ECF No. 11-3), PageID # 113, 125.) The Bankruptcy Court approved that Motion in a Sale Order, which specified, inter alia, that "[u]pon the payment of the applicable Cure Amount . . . no default shall exist under the Assigned Contracts." (Ex. D. to Def.'s Mot. (ECF No. 11-4), PageID # 143.)

Thereafter, Flextronics paid Enercon the cure amount and allegedly began placing orders and making payments under the terms of the Supply Agreement. The parties also allegedly began negotiating Flextronics' use of the $2.2 million in ordered inventory but were unable to come to an agreement. Purportedly, at that point, Flextronics cancelled all existing orders. Enercon then

3

filed the operative Complaint on June 6, 2018.[2] Therein it claims that, following cancellation, Flextronics breached the Supply Agreement by refusing to compensate Enercon for, among other things, the $2.2 million in inventory acquired to fill PVT's orders, as well as the inventory Enercon acquired to fill Flextronics' additional orders.

### III. DISCUSSION

Flextronics primarily contends that the interest of justice factor weighs so strongly in favor of litigating this case in the Southern District of New York, that transfer is warranted. Specifically, it argues that the Bankruptcy Court is better suited to handle this case since the adjudicator will need to both interpret the Sale Order and resolve related bankruptcy questions. However, upon consideration of every relevant factor, the Court concludes that Flextronics' showing is insufficient to overcome the presumption in favor of Enercon's choice of forum.

Initially, the Court determines that the convenience of the parties factor militates against transfer. Whereas Enercon is a Maine-based company that would clearly be inconvenienced by litigation outside of its home forum, Flextronics is a California based company for whom Maine and New York are comparably accessible.[3] On balance, Maine is thus a more convenient forum for the parties. Even if the Court accepted Flextronics' general assertion that Maine is more inconvenient for it than New York, this factor would still weigh against transfer. See Banjo Buddies, Inc. v. Renosky, 156 F. Supp. 2d, 22, 26 (D. Me. 2001) (noting that transfer is inappropriate where "the result is merely to shift the inconvenience from one party to the other") (quoting 15 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice &*

---

[2] The suit was originally filed in state court but was removed to this Court on June 29, 2018.

[3] Although Flextronics asserts that Maine represents a more burdensome forum than New York, it identifies no compelling evidence to that effect. It does not demonstrate, for example, that litigating in Maine would be more disruptive to its business, see Crosfield Hastech, Inc. v. Harris Corp., 672 F. Supp. 580, 589 (D.N.H. 1987), or even that doing so would be more expensive. See Banjo Buddies, Inc. v. Renosky, 156 F. Supp. 2d 22, 26 (D. Me. 2001). Absent any showing of this type, the Court cannot conclude that Maine is the more inconvenient forum for Flextronics.

4

*Procedure* § 3848 (2d ed.1986)) (internal quotation marks omitted). Next, the convenience of the witnesses factor detracts from Flextronics' cause. Despite its burden to do so, Flextronics has failed to identify any witnesses or describe their potential testimony. Munis, Inc. v. E. Orange Bd. of Water Comm'rs, No. CIV. 02-66-P-C, 2002 WL 1162811, at *10 (D. Me. May 31, 2002), rec. dec., adopted, 2002 WL 1461850 (D. Me. July 8, 2002). Instead, it makes the self-serving assertion that New York "must be" a convenient forum for the non-party witnesses due to the bankruptcy proceedings. (Def.'s Mot. at PageID # 45.) This is the type of bald claim that weighs against transfer.[4] See Munis, Inc., 2002 WL 1162811, at *10 ("If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be the application for transfer will be denied") (quoting Wright et al., at § 3851) (internal quotation marks omitted); Shipley Co., Inc. v. Clark, 728 F. Supp. 818, 824 (D. Mass. 1990) (finding "bald assertion" as to location of witnesses "insufficient" on this factor).

By contrast, Flextronics presents a stronger case with respect to the "interest of justice" factor. There is no question that the Bankruptcy Court is in a better position to interpret its Sale Order, greatly incentivizing transfer. See U.S. Vision, Inc. v. AS IP Holdings, Inc., No. 11-1892 (DMC)(MF), 2012 WL 243358, at *5 (D.N.J. January 25, 2012) (transferring case in part because it would be "preferable" for bankruptcy court to interpret its own order). However, two points temper the strength of that proposition. First, the efficiency of this District's docket leaves the Court unpersuaded that transfer would produce a quicker adjudication on the merits. See Stewart v. Manhattan Yacht Club, Inc., No. 16-CV-9764 (AJN), 2018 WL 3579849, at *6 (S.D.N.Y. July

---

[4] The availability of documents factor likewise does not support transfer. Although Flextronics suggests that some relevant documents are already in the Southern District of New York due to the bankruptcy proceedings, it does not explain how transporting those documents to Maine would cause it inconvenience. It has, therefore, failed to carry its burden as to this factor. See E.E.O.C. v. Texas Roadhouse, Inc., No. 1:11-cv-11732-DJC, 2012 WL 5894910, at *3 (D. Mass. Nov. 9, 2012) (finding that the defendant failed to meet burden on availability of documents factor where it failed to show that producing documents "would cause it hardship"); Ashmore, 925 F. Supp. at 39 ("amorphous allegations of inconvenience regarding unspecified documents, as with unnamed witnesses, are inadequate to satisfy the required clear showing of balancing of conveniences" in favor of the moving party).

25, 2018) (noting that "there is absolutely no doubt . . . that the Southern District of New York is among the busiest districts in the nation"); Ashmore, 925 F. Supp. at 39-40 (declining to transfer in part because the District of Maine "has a very fast docket and would bring about an earlier resolution of the matter than would the overburdened" District of Massachusetts). Second, although the Bankruptcy Court is better placed to do so, this Court is still qualified to interpret the Sale Order and resolve related bankruptcy issues. See In re JMP-Newcor Intern., Inc., 225 B.R. 457, 462 (Bankr. N.D. Ill. 1998) (noting that "the district judge is fully capable of interpreting" a reorganization plan to resolve a lawsuit). With these considerations in mind, Flextronics' showing on this factor fails to shift the overall balance enough to meet its heavy burden.[5]

### IV.   CONCLUSION

Based on the foregoing, Flextronics has not shown the Court that the § 1404(a) factors favor transfer.[6] Thus, the Motion to Transfer (ECF No. 11) is DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 21st day of December, 2018.

---

[5] Neither "the order in which the district court obtained jurisdiction" nor "the possibility of consolidation" change this conclusion. Coady, 223 F.3d at 11. First, the Court notes that the order in which the court obtained jurisdiction does not support transfer. The First Circuit has explained that "[w]here identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp., 814 F.2d at 11. This rule is designed to prevent not only the "duplication of effort" but also "incompatible rulings." SleepMed Inc. v. Pulse Sys., Inc., No. 15-cv-14041-IT, 2016 WL 7852466, at *1 (D. Mass. May 27, 2016). The instant case does not implicate either concern since, as far as the Court can tell, there is no breach of contract claim between these parties pending in the bankruptcy proceedings. Further, that this action is tangentially related to those proceedings is not enough to trigger the first-filed rule. See Banjo Buddies, Inc., 156 F. Supp. 2d at 26 (finding the rule inapplicable where "the defendants simply have not shown that there is any significant overlap between the two actions, much less that the overlap is nearly complete"). Second, even assuming this case could be consolidated with the bankruptcy proceedings, the Court concludes that Flextronics' evidence still falls well short of the standard. See Demont & Assocs., 77 F. Supp. 2d at 173 ("[w]isely it has not been attempted to catalogue the circumstances which will justify or require grant or denial of transfer. Given the statutory standards the decision is left to the sound discretion of the trial judge") (internal citations and quotations omitted).

[6] Since the Court concludes that Flextronics has not met its burden as to these factors, it does not address the issue of whether this action could have been filed in the Southern District of New York for referral to the Bankruptcy Court. Even if it could have been filed in that District and referred, this Court would decline to transfer the case.