# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ENERCON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:18-cv-00258-GZS |
| | ) |
| FLEXTRONICS INTERNATIONAL USA, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER IN LIEU OF PRE-FILING CONFERENCE

The Court has reviewed the Notices Of Intent To File Motion For Summary Judgment (ECF Nos. 35 & 36) and the Preconference Memoranda received from both sides (ECF Nos. 40 & 41). Having reviewed these filings, the Court concludes that no conference is necessary and hereby ORDERS that the following procedure be followed in connection with the to-be-filed cross-motions for summary judgment:

On or before **November 25, 2019**, the parties shall file a joint stipulated record using the "Stipulated Record" event in CM/ECF. The first page of the Stipulated Record shall consist of a list describing each exhibit submitted. Each exhibit shall then be clearly labeled and separately attached to this filing. The Stipulated Record may include any exhibits and depositions[1] (including any exhibits to the depositions) that both sides agree will be referenced in the statements of material fact. The inclusion of any exhibit in the Stipulated Record does not prevent any party from later objecting to the admissibility of the document. Likewise, the submission of a joint record does

---

[1] To the extent any depositions are filed, counsel shall endeavor to ensure that any deposition excerpt is complete and includes all relevant pages. In the absence of an agreement on what constitutes a complete deposition excerpt, counsel shall include the complete deposition in the joint record.

not prevent either side from submitting additional documents with their respective statements of material fact.

The Court encourages the parties to file stipulations of fact that could serve to further streamline the parties' statements of material fact. The Court reminds the parties that they are free to indicate that any such stipulations are admissions solely for the purposes of the to-be-filed summary judgment motion. See D. Me. Local Rule 56(g). Any stipulations will be considered by the Court in ruling on the motion and need not be reiterated or referenced in the statements of material fact. The parties are free to submit any stipulations on or before **December 6, 2019**.

On or before **December 6, 2019**, each side shall file its outlined motion for summary judgment. Each motion for summary judgment shall not exceed thirty (30) pages.

On or before **January 3, 2020**, each side shall file its response to the opposing motion for summary judgment. Each response shall not exceed thirty (30) pages.

No replies are necessary. However, if either side determines that it must respond to a new matter raised in the January 3, 2020 filings, the Court will consider a reply memorandum, not to exceed seven (7) pages, filed on or before **January 13, 2020**.

The Court also expects the parties' summary judgment filings will comply with all aspects of Local Rule 56. Having review the parties' various representations regarding factual statement length and in light of the anticipated cross-motions, the Court orders that Plaintiff Enercon shall file its statement of material facts with its motion for summary judgment on **December 6, 2019**. Absent prior court approval, Plaintiff's statement of material facts shall not exceed two hundred (200) paragraphs. Thereafter, Defendant Flextronics shall file an opposing statement of material facts in accordance with Local Rule 56(c) and shall include with any additional facts its contemplated statement of material facts, which shall not exceed forty (40) paragraphs.

Defendant's opposing statement of material facts and additional facts in support of its cross-motion shall be filed no later than **December 20, 2019**. Plaintiff shall then file its reply statement of material fact in accordance with Local Rule 56(d) on or before **January 3, 2020**. To the extent this reply statement of material facts or Defendant's earlier opposing statement of material facts and additional facts includes any requests to strike, the Court will consider brief responses to any request to strike that are filed on or before **January 13, 2020**.

The parties are reminded that Local Rule 56(f) requires specific record citations for all facts submitted in a statement of material facts. Absent a specific citation, the Court has no duty to consider any part of the record submitted. To the extent any party will rely on a page of the joint record for a specific citation, the Court encourages the parties to use the "PageID #" generated by CM/ECF, particularly if the alternative pin citation may not be readily apparent to the Court.

With respect to the prior Scheduling Order deadlines (ECF Nos. 25, 27 & 34), it appears that the only deadlines that may remain after the anticipated motions for summary judgment are the ready for trial deadline and any trial-related motions deadlines. These deadlines shall remain stayed until the Court issues its ruling on the motion for summary judgment. To the extent that issues remain for trial after the motion for summary judgment is decided, the Court anticipates that this case will be placed on the next available trial list following the Court's summary judgment decision and that pre-trial motions shall, to the extent practicable, be filed prior to any final pretrial conference.

SO ORDERED.

                                                /s/ George Z. Singal
                                                United States District Judge

Dated this 31st day of October, 2019.